## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL ROSS, | ) | CASE NO. 8:05CV313 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| DEFFENBAUGH INDUSTRIES, INC., | ) | |
| d/b/a DEFFENBAUGH DISPOSAL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion for Summary Judgment (Filing No. 10).  For the reasons stated below, the Motion will be denied.

## FACTS

The facts material to the Defendant's Motion for Summary Judgment are not in dispute.  The Plaintiff, Michael Ross ("Ross"), began employment with the Defendant, Deffenbaugh Industries, Inc., d/b/a Deffenbaugh Disposal Service ("Deffenbaugh") on September 29, 1999.  (Complaint, Filing No. 1, ¶ 6; Answer, Filing No. 9, ¶ 6).  On January 27, 2003, Ross filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  (Affidavit of Linda Scott Skinner, Filing No. 11-2 ("Skinner Aff.") ¶ 6, and Aff. Exhibit 1).   Ross was advised by an employee of the Nebraska Equal Opportunity Commission ("NEOC") that he should ask for a right-to-sue letter prior to a determination in the case.  (Affidavit of Michael Ross, within Filing No. 14 ("Ross Aff.") ¶ 1).  Ross requested the right-to-sue letter in October 2003.  (Ross Aff. ¶ 2).  On November 5, 2003, the EEOC mailed to Ross a "Notice of Right to Sue (*Issued on Request*)."  The Notice included the following statement:

> This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost.

Skinner Aff. ¶ 7[1] and Aff. Exhibit 2; emphasis in original. The Notice also stated that the

EEOC was "terminating the processing of this charge." (*Id.*).

On January 28, 2004, the EEOC District Director for the Denver District Office

issued a "Notice of Intent to Reconsider," stating:

> Under the authority vested in me by the Commission and pursuant to Commission Procedural regulations, Section 1601.21 subsection (d)(1), I hereby reconsider the Notice of Rights to Sue issued on this charge.
>
> A Notice of Right to Sue on request was issued on November 5, 2003. This notice vacates that dismissal. Charging Party requested issuance of this notice based on inadequate information furnished by a NEOC investigator. Charging Party was not given a complete explanation of what the issuance of a Notice of Rights to Sue meant.
>
> I intend to issue a determination regarding this charge in the future.

Skinner Aff. ¶ 8 and Aff. Exhibit 3.

Deffenbaugh received the Notice of Intent to Reconsider on January 30, 2004, and

on February 4, 2004,[2] filed an Objection with the EEOC, citing 29 C.F.R. § 1601.21(d)(1)

and asserting that the EEOC was without jurisdiction to reconsider the charge following the

issuance of the initial notice of right-to-sue. (Skinner Aff. ¶ 9 and Aff. Exhibit 4). On

August 20, 2004, the NEOC issued a Determination finding sufficient evidence to support

a reasonable-cause finding that discrimination occurred as alleged in some of Ross's

---

[1] Although the Skinner Aff. indicates that the Notice of Right to Sue was issued on November 15, 2003, the actual Notice (Aff. Exhibit 2) clearly shows November 05, 2003, as the "Date Mailed."

[2] February 4, 2004, was 91 days after the issuance of the notice of right to sue.

complaints of disparate treatment. (Filing No. 14, page 9).[3] On April 1, 2005, the EEOC issued a "Dismissal and Notice of Rights," stating that Ross could file a lawsuit against Deffenbaugh based on his charge, under federal law, within 90 days of his receipt of the notice. (Attachment to Complaint, Filing No. 1). Ross filed his Complaint in this Court on June 28, 2005.

### STANDARD OF REVIEW

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1023 (8th Cir. 2003). The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The proponent need not, however, negate the opponent's claims or defenses. *Id.* at 324-25.

In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A

---

[3]The NEOC Commission Determination, and other exhibits presented by Ross, are attached to his brief in Opposition to the Motion for Summary Judgment. (Filing No. 14). Despite the fact that the exhibits are not presented in an Index of Evidence, separately filed, and properly authenticated by affidavits, there does not appear to be any dispute that the NEOC Determination was issued as it appears in Filing No. 14, page 9.

"genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-50 (citations omitted).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327.

## DISCUSSION

An aggrieved employee who files a charge with the EEOC may bring a civil action against the employer within 90 days after the EEOC gives notice to the employee (1) that the charge has been dismissed or (2) that 180 days have expired since the filing of the charge, with no civil action having been brought or conciliation agreement entered into on behalf of the employee. 42 U.S.C. § 2000e-5(f)(1). According to the EEOC's own regulations:

> When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued . . . the Commission shall promptly issue such notice . . . to all parties, at any time after the expiration of one hundred eighty (180) days from the date of filing of the charge with the Commission . . . .

29 C.F.R. § 1601.28(a)(1).

4

Issuance of a notice of right to sue shall terminate further proceeding of any charge not a Commissioner charge unless the [EEOC representative] determines at that time or at a later time that it would effectuate the purpose of title VII or the ADA to further process the charge.

29 C.F.R. § 1601.28(a)(3).

The issuance of a notice of right to sue does not preclude the Commission from offering such assistance to a person issued such notice as the Commission deems necessary or appropriate.

29 C.F.R. 1601.28(a)(4).

In cases where the issuing Director decides to reconsider a dismissal or a determination finding reasonable cause to believe a charge is true, a notice of intent to reconsider will promptly issue. *If* such notice of intent to reconsider is issued within 90 days from receipt of a notice of right to sue and *the charging party* has not filed suit and *did not request a notice of right to sue pursuant to § 1601.28(a)(1) . . . the notice of intent to reconsider will* vacate the dismissal or letter of determination and *revoke the notice of right to sue. If* the 90 day period has expired, the charging party has filed suit, or *the charging party had received a notice of right to sue pursuant to § 1601.28(a)(1) . . . the notice of intent to reconsider* will vacate the dismissal or letter of determination, but *will not revoke the notice of right to sue.*

29 C.F.R. § 1601.21(d)(1)(emphasis added).

Ross cites to 29 C.F.R. § 1601.28(3) and (4) for the proposition that the EEOC had the authority to revoke its initial right-to-sue letter issued at his request. Deffenbaugh argues that, under 29 C.F.R. § 1601.21(d)(1), the EEOC may only issue a notice of intent to reconsider in cases where there has been (1) a dismissal or (2) a determination finding reasonable cause to believe a charge is true, neither of which had occurred at the time of the issuance of the Director's January 28, 2004, letter.

Whether or not the EEOC may have the power to "reconsider" cases where no dismissal or finding of reasonable cause has occurred, it is clear from the language of 29

5

C.F.R. § 1601.21(d)(1) that the issuance of any notice of intent to reconsider *does not* revoke a notice of right-to-sue issued *at the request of the charging party*. While this language may have been intended to protect the *right* of a charging party to proceed with litigation without awaiting further action on the part of the EEOC, the regulation clearly states that a notice of intent to reconsider will not revoke a notice of right to sue when the notice of right to sue was issued *at the request of the charging party*.

Alternatively, Ross argues that the 90-day period for filing suit after the issuance of the initial right-to-sue letter should be equitably tolled, because he was unrepresented by counsel and did not understand the meaning of the initial right-to-sue letter. In support of this proposition, Ross cites to *Baldwin Cty. Welcome Center v. Brown,* 466 U.S. 147, 151 (1984). In *Baldwin,* the Supreme Court found unavailing the plaintiff's arguments for equitable tolling, despite the fact that she was unrepresented by counsel and there was no apparent prejudice to the defendant employer. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants." *Id.* The Supreme Court did list four circumstances in which equitable tolling would be appropriate, and those circumstances have been recognized by the Court of Appeals for the Eighth Circuit:

> (1) a claimant has received inadequate notice; (2) a motion for appointment of counsel is pending; (3) the court has led the plaintiff to believe that he or she has done everything required of him or her; or (4) affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Shempert v. Harwick Chemical Corp.,* 151 F.3d 793, 798, citing *Baldwin*, 466 U.S. at 151.

In *Shempert*, the Eighth Circuit Court acknowledged that when an administrative agency misleads a complainant, particularly one who is without the benefit of counsel,

6

equitable tolling may be justified. *Id.* at 798, citing *Anderson v. Unisys Corp.*, 47 F.3d 302, 306-07 (8th Cir. 1995). The plaintiff in *Shempert* argued that, as a consequence of being misled by the EEOC, she filed an Intake Questionnaire which she believed satisfied the 180-day limitations period for filing a Title VII charge with the EEOC. Rejecting the plaintiff's arguments, the Eighth Circuit Court said: "As a general rule, equitable tolling is a remedy reserved for circumstances that are "truly beyond the control of the plaintiff." *Id.* at 797-98, quoting *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989).

In Ross's case, the evidence of misleading action on the part of the administrative agency is more compelling than in *Shempert*. Turning to the four *Baldwin* factors that may give rise to equitable tolling, I recognize that no misconduct on the part of Deffenbaugh lulled Ross into inaction, and no motion for appointment of counsel was pending during the relevant time, although Ross was acting without benefit of counsel. More troubling are the issues of adequate notice and of whether Ross was led to believe that he had done everything required of him. The right-to-sue letter issued by the EEOC on November 5, 2003, did provide him with adequate notice that his "lawsuit under Title VII . . . must be filed **WITHIN 90 DAYS** of [his] receipt of this Notice or [his] right to sue based on this charge will be lost." (Skinner Aff. Ex. 2). The subsequent letter from the EEOC purporting to "reconsider" the notice of right-to-sue and "vacate" the dismissal, coupled with the EEOC's issuance of a new notice of right-to-sue on April 1, 2005, however, seriously impaired the adequacy of the November 5, 2003, notice. Although no *court* led Ross to believe that he had done everything required of him, the EEOC and NEOC clearly *did* lead Ross to believe that he had done everything required of him.

7

**CONCLUSION**

Under principles of equitable tolling, I conclude that Ross should be permitted to proceed with his action.

IT IS ORDERED:

The Defendant's Motion for Summary Judgment (Filing No. 10) is denied.


Dated this 18th day of January, 2006.


BY THE COURT:

s/Laurie Smith Camp
United States District Judge